GREENE, Judge.
This workmen’s compensation case comes before this Court a second time, having been remanded to the trial court in decision reported in 339 So.2d 1247 (La.App. 1st Cir. 1976) for the introduction of further medical evidence to determine the question of disability. Additional evidence was als© sought on remand to determine whether the worker should be classified as a common, semi-skilled or skilled laborer. This Court determined in the original opinion that plaintiff was injured while working within the scope and during the course of his employment with defendant. Since the accident occurred on October 31, 1972, the old workmen’s compensation law applies.
After taking further evidence on remand, the trial court found plaintiff to be a skilled worker and totally and permanently disabled. From this judgment defendant appeals.
Appellant alleges the trial court made the following errors:
“I. It was error for the lower court to allow any evidence of Major Gardner’s present condition or disability; the court should have only considered the two doctors’ medical reports as to Major Gardner’s disability.
“II. Error to allow Major Gardner to testify as to his condition.
“HI. Error to find total permanent disability proof still lacking whether plaintiff could operate a cane loader as a result of alleged disability.
“IV. Error for lower court to find that Major Gardner’s condition arose from his work related accident rather than from his failure to follow his doctor’s exercise program.”
The first two specifications of error are of no import. The question before this Court is simply whether the record supports disability.
The question of whether plaintiff is totally and permanently disabled is determined by whether he is disabled to perform work of the same or similar description, kind or character (not necessarily the identical position) to that which the claimant was accustomed to perform or was undertaking when the injury occurred. Wright v. National Surety Corp., 221 La. 486, 59 So.2d 695 (1952). No hard and fast rule can be laid down for guidance in the application of this rule to the many variations of fact existing in these cases. Brannon v. Zurich General Accident & Liability Ins. Co., 224 La. 161, 69 So.2d 1 (1953). Malone, in his work on the Louisiana Workmen’s Compensation Law and Practice, Section 275, suggests that the Louisiana jurisprudence shows that a major consideration in classifying employment as skilled or unskilled is the degree of diversity inherent in the employment.
Plaintiff operated a cane cutter and a cane loader for appellant. He was hired to operate a cane loader and operated only these two pieces of equipment during his employment. One of these machines was operated with hydraulic levers and manual steering. The Court, in Wright, supra, found the operator of an asphalt distributor, which is a large mechanical device used in surfacing blacktop roads, to be a skilled laborer. The record supports the finding of the lower court that plaintiff was a skilled laborer. The question for decision is whether plaintiff can do work of a similar description to the work being performed by him when the accident occurred.
Dr. G. Gernon Brown, orthopedic surgeon, testified in deposition that plaintiff suffered from this work related injury a loss of 15 to 20 degrees supination and pronation of his right arm, which is turning the palm of his hand up and down, and a loss of 30 degrees of the extension of his right elbow. Dr. Brown concluded that plaintiff had sustained a 20 to 25% permanent impairment of the use .and function of the right upper extremity. He was of the opinion that plaintiff would be unable to move levers on a machine for eight hours at a time but felt .he could perform this type activity for shorter periods of time. He also testified that plaintiff’s right hand hurt when he had to grab anything with it. Finally, Dr. Brown felt that plaintiff would have trouble climbing.
*1255 Dr. Herbert K. Plauche, also an orthopedic surgeon, felt plaintiff would have difficulty climbing into a cane cutter. He also gave plaintiff a 20% permanent loss of physical function of his right upper extremity as of May, 1977.
The record supports the finding of the lower court that plaintiff is totally and permanently disabled.
Appellant’s fourth specification of error has no merit. Dr. Brown testified that the deterioration of plaintiff’s elbow was caused by the injury; not a lack of exercise. He further stated that he had no knowledge of plaintiff not properly exercising his elbow. There is no other testimony in the record on this point. We agree with the lower court that plaintiff’s condition arose from a work related accident rather than from his failure to follow his doctor’s exercise program.
Plaintiff-appellee, in his brief, alleges that the trial court committed two errors. Since appellee did not file an answer to the appeal under Louisiana Code of Civil Procedure, Article 2133, nor appeal the lower court’s judgment, these errors can not be considered by this Court.
The judgment is affirmed at appellant’s costs.
AFFIRMED.